FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  APR 21 2006  ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WAYNE JEFFERS,

        04 CV 4339 (SJ)
     Petitioner,

 - against -        **MEMORANDUM & ORDER**

UNITED STATES OF AMERICA,

     Respondent.
----------------------------------------------------------X

APPEARANCES:

WAYNE JEFFERS
# 58820-053
FCI Fort Dix
P.O. Box 7000 West
Fort Dix, New Jersey 08640
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By: Susan Corkery, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

  Before the Court is a motion by Wayne Jeffers ("Petitioner"), acting *pro se*, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). For the reasons stated herein, the motion is DENIED.

1

P-049

## BACKGROUND

Petitioner seeks to challenge a judgment, which followed a trial by jury, convicting Petitioner of: (1) conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 963, 952(a); (2) conspiracy to distribute and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii)(II); (3) importation of five or more kilograms of cocaine, in violation of 21 U.S.C. § 952(a); and (4) attempted possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii)(II). On May 9, 2002, this Court entered judgment sentencing Petitioner principally to 151 months of incarceration.

On his direct appeal, Petitioner's judgment of conviction was affirmed in part and vacated and remanded in part by the United States Court of Appeals for the Second Circuit (the "Second Circuit"). United States v. Jeffers, 329 F.3d 94 (2d Cir. 2003). Upon remand, the Court, on October 3, 2002, re-sentenced Petitioner principally to 121 months. On November 20, 2003, the Court entered the Second Amended Judgment against Petitioner, reflecting his new sentence. See United States v. Jeffers, 00 CR 731, Docket Entry No. 121. Petitioner did not pursue further direct appeal.

Petitioner then filed the § 2255 Motion, dated September 30, 2004, claiming ineffective assistance of counsel by his trial counsel, Mr. Amelio P. Marino ("Trial Counsel"), for failing to object to or otherwise contest the drug quantity attributed to

2

Petitioner. Petitioner followed up with a June 23, 2005 motion to amend his § 2255 Motion (the "Motion to Amend"),[1] relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), for his assertion that his sentence violated his Sixth Amendment right to a trial by jury.[2]

## DISCUSSION

### I. Trial Counsel Was Not Ineffective

In his original § 2255 Motion, Petitioner asserts – in cursory and unsubstantiated terms – that Trial Counsel was ineffective for failing to contest the drug quantity attributable to Petitioner.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether a counsel's assistance was ineffective. First, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. When evaluating counsel's performance, a court must examine the circumstances of

---

[1] In addressing the present petition, the Court is mindful that Petitioner is proceeding *pro se*, and his submissions will therefore be liberally construed and read to raise the strongest arguments they suggest. See, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004).

[2] In Apprendi, the United States Supreme Court (the "Supreme Court") held that, with the exception of the finding of a prior conviction, a judge may not find facts during the sentencing phase that would raise a defendant's sentence beyond the statutory maximum for the offense or offenses charged in the indictment and found by a jury beyond a reasonable doubt. Id. at 490. In Blakely, the Supreme Court extended that doctrine, striking down the Washington state sentencing guidelines for being in violation of the right to a jury trial as guaranteed under the Sixth Amendment. Id. at 305.

3

counsel's conduct from counsel's perspective at the time rather than from hindsight. Id. at 689. Moreover, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable strategy. Id.

Second, a petitioner must show that counsel's performance prejudiced his defense. Id. at 692. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. As the Supreme Court stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Unless Petitioner satisfies both of the requirements of Strickland, it cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

Notwithstanding Petitioner's claim to the contrary, it is clear from the trial record that Trial Counsel did, in fact, contest the amount of drugs attributable to his client. Specifically, during his summation, Trial Counsel explicitly challenged the government's contention that the drugs seized were intended for Petitioner, pointing out that some of the bottles the drugs were shipped in were marked with certain letters, arguing that those bottles were actually intended for individuals other than Petitioner. See Gov. Mem. Law in Opp'n to § 2255 Mot., Ex. 2; see also Marino Aff. in Resp. to § 2255 Mot., ¶ 5 ("The minutes of the trial clearly indicate that I was aware of the amount of the drugs and that I attempted to shift responsibility for the possession of

4

drugs to a number of other individuals. Some of the bottles had markings, which I claimed . . . belonged to the individual whose initial was on the bottle.").[3]

Because the record refutes Petitioner's allegations, he has failed to satisfy even the first prong of <u>Strickland</u>. Thus, his claim of ineffectiveness by Trial Counsel is without merit.

## II. <u>Apprendi</u> Claim is Procedurally Barred

In his Motion to Amend, Petitioner relies in part on <u>Apprendi</u> for the notion that his Sixth Amendment right to a jury trial was violated because his sentence was determined, in part, both on drug quantity and on an enhancement for obstruction of justice. Petitioner's <u>Apprendi</u> claim, though, cannot clear a basic procedural hurdle. Generally, a petitioner may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows cause for the omission and prejudice resulting therefrom. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Here, Petitioner did not raise his <u>Apprendi</u> claim as part of his direct appeal to the Second Circuit, <u>see</u> Brief and Appendix for Defendant-Appellant at *IV, <u>United States v. Jeffers</u>, 329 F.3d 94 (2d Cir. 2003), even though he certainly could have, since <u>Apprendi</u> was decided on June 26, 2000 and Petitioner's appellate brief was filed on

---

[3]Petitioner himself actually confirms this version of events in a later filing, noting in the supporting documents to his Motion to Amend that "trial counsel objected to the quantity of drugs 'attributed' to Petitioner." Pet. Jeffers Opp'n in Supp. of § 2255 Motion at 7-8.

5

November 18, 2002. Additionally, Petitioner has made no showing to this Court as to why his failure to raise this issue on direct review should be excused for cause and prejudice.[4] Thus, Petitioner's claim for relief under Apprendi is procedurally barred.

### III. Blakely is not Retroactive

Petitioner also relies on case law – decided subsequent to the date his conviction became final – for the position that the sentencing findings this court made by a preponderance of the evidence were constitutionally defective and must have been

---

[4] Even if Petitioner's Apprendi claim were not procedurally barred, it would still fail on the merits. Petitioner was charged in four narcotics-related counts, each of which alleged in the indictment a drug quantity of five kilograms or more. See United States v. Jeffers, 00 CR 731, Docket Entry No. 42. During trial, Petitioner stipulated to the fact that the net weight of the drugs seized exceeded 6.5 kilograms. See Trial Tr. 31-32, Gov. Ex. 2S. The jury found him guilty beyond a reasonable doubt on each count, and Petitioner's final sentence was for 121 months. Not only was this sentence certainly well below the statutory maximum of life imprisonment authorized by the jury's verdict, it was also below the statutory maximum for the statutory "subsection that prescribes the penalty for a crime involving an *unspecified* amount of cocaine or crack." United States v. Thomas, 274 F.3d 655, 660 n.2 (2d Cir. 2001). This last point is not insignificant for Apprendi purposes, because even under the most lenient of the federal narcotics-related penalty provisions for the statutes Petitioner was convicted of violating, his sentence was certainly below the statutory maximum of 240 months, see 21 U.S.C. §§ 841(b)(1)(C), 960(b)(3), meaning his sentence did not violate Apprendi. Moreover – and of perhaps even greater importance – after Petitioner was convicted, but before he was sentenced, he made a strategic choice to seek a reduced sentence by proffering to the government his participation in an even larger narcotics distribution conspiracy than he was charged with in the indictment and of which he was convicted. See Gov. Mem. Law in Opp'n to § 2255 Mot. at 7, Ex. 3. And his efforts bore fruit, as his sentence eventually reflected his qualification for a reduction based in large part on his willingness to disclose his involvement in the criminal venture. Having received that benefit, though, he may not now come before this same Court with the claim his sentence is constitutionally infirm because the drug quantity was impermissibly held against him. Petitioner made his choice to admit to the government his participation in the drug scheme – which included the drug quantity proved at trial – and he has the reduced sentence to show for it. Thus, even in the absence of any procedural bar to this claim, it would still be without merit. And, because of that fact, to the extent Petitioner asserts as part of his Apprendi claim that there was ineffective assistance of counsel on his appeal for the failure to raise an Apprendi issue, obviously the decision not to raise such a claim on direct appeal was certainly a reasonable one in this case.

6

P-049

either admitted by Petitioner or charged in an indictment and found by a jury beyond a reasonable doubt. The case upon which Petitioner relies, however, is of no help to him. Blakely – or, for that matter, United States v. Booker, 543 U.S. 220 (2005), which extended the rationale of Blakely to the Federal Sentencing Guidelines ("the Guidelines") and would thus be the more applicable case to Petitioner's case – is of no avail to Petitioner because the Second Circuit has made it clear that neither Blakely nor Booker may be applied retroactively to petitioners seeking habeas corpus relief for criminal cases that became final before the Supreme Court issued the two decisions. Green v. United States, 397 F.3d 101, 102-03 (2d Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) ("Booker is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."). Blakely was issued on June 24, 2004, while Booker was issued, as noted in the parenthetical immediately above, on January 12, 2005. Because Petitioner chose after he was re-sentenced not to seek further direct review, his conviction became final on December 1, 2003,[5] well before the opinions in Blakely and Booker were issued. Thus, Petitioner is not eligible for relief under either Blakely or Booker.

---

[5] Under Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days after "the entry of either the judgment or order being appealed"– in this case, the entry on November 20, 2003, of his Second Amended Judgment – to file a notice of appeal with the Second Circuit. He did not do so, meaning his conviction became final for purposes of this case on December 1, 2003. See also 28 U.S.C. § 2255 ¶ 6(1).

7

P-049

## IV. Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of this motion, the Court hereby DENIES both the motion and the issuance of a certificate of appealability. Morever, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: April __, 2006
Brooklyn, New York

S/SJ
Senior U.S.D.J.

8